Filed 6/17/14  P. v. Tafoya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075143 |
| Plaintiff and Respondent, | (Super. Ct. No. SF121804A) |
| v. | |
| ANGELA RENEE TAFOYA, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On August 22, 2012, defendant was seen in a local Walmart store.  With defendant were two older children, an infant in a stroller, and another child in a shopping cart. Sharita Sheard, an asset protection associate at Walmart, saw defendant tear "UPC tags" off of merchandise and hide the merchandise in a diaper bag attached to the back of her stroller.

1

Sheard followed defendant around the store and watched defendant conceal numerous other items including but not limited to: toys, clothing, live fish from the pet department, Enfamil baby formula, and music CD's. Sheard then watched defendant as she stood in the McDonald's inside the Walmart; defendant was watching the front door. After about 15 minutes, defendant walked out the door with her shopping cart and all the stolen merchandise.

Sheard stopped defendant and brought her back inside the store. Along with two other associates, Sheard found more than 70 stolen items, totaling $495. Sheard contacted the police (despite defendant's pleas) and defendant was later charged with two counts of petty theft with three or more prior theft convictions. (Pen. Code, § 666.)[1] The People further alleged defendant was previously convicted of a serious or violent felony. (§§ 1170.12, subd. (b), 667, subd. (d).)

Defendant's competence was subsequently declared in doubt and criminal proceedings were suspended pursuant to section 1368. Two physicians were appointed to examine defendant pursuant to section 1369; they both declared her competent to stand trial. Defendant and the People then stipulated to defendant's competence, and criminal proceedings were reinstated.

Defendant later pleaded guilty to one count of petty theft with priors. She also admitted to serving at least one day of incarceration for five prior theft convictions, admitted she was previously convicted of a strike offense, and admitted she violated her probation in San Joaquin County case Nos. SF115793A and SF117353A. The remaining charge and allegations were dismissed.

The trial court sentenced defendant to an aggregate term of four years in state prison, awarded her 518 days of custody credits, and ordered her to pay various fines and

---

[1] Undesignated statutory references are to the Penal Code.

2

fees.  For violating her probation in case Nos. SF115793A and SF117353A, the trial court sentenced defendant to an additional 48 months in prison, to be served concurrently with the sentence imposed in the current matter.  The court also ordered defendant to pay a previously stayed restitution fine totaling $240 in case No. SF115793A.

Defendant later moved the trial to withdraw her plea.  The trial court conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, and appointed alternate counsel to assist defendant in her motion.  Defendant's motion was later denied, alternate counsel was relieved, and defendant appealed.  Defendant's request for a certificate of probable cause was granted.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Our examination of the record reveals a clerical error in the abstract of judgment.  At sentencing, the trial court ordered defendant to pay a previously stayed restitution fine totaling $240 in case No. SF115793A.  That order was omitted from the abstract of judgment.  Because this is simply a clerical error, we will correct it on appeal and direct the trial court to prepare a corrected abstract of judgment accordingly.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts."].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to include the order that defendant pay the previously stayed restitution fine totaling $240 in San Joaquin County case No. SF115793A. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                    NICHOLSON     , J.

We concur:

     BLEASE         , Acting P. J.

     HOCH          , J.